UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KIRK CAMERON JONES,

    Plaintiff,

v.

KEVIN A. RAMOS, *et al.*,

    Defendants.

CAUSE NO. 3:19-CV-166 DRL-MGG

OPINION AND ORDER

Kirk Cameron Jones alleges he sustained injuries in an automobile accident in which he was the passenger of an Uber-assigned vehicle. This personal injury case originated in New Jersey federal court, where Mr. Jones was warned of an imminent dismissal if service was not perfected on the defendants. It was thereafter transferred to this court before any defendant had been served, some four months after the statute of limitations ran, and after the time for service afforded by Federal Rule of Civil Procedure 4(m) had passed.

On June 10, 2019, now in this court, Defendant Daniel Waterhouse filed a motion to dismiss (ECF 12) that Defendant Uber Technologies, Inc. joined on July 16 (ECF 30) and Defendant Jerilynn Langwith later joined on July 29 (ECF 33). Defendants Kevin and Mario Ramos filed their own motion to dismiss on August 12 (ECF 34), arguing similar positions. This presiding judge, being reassigned the case, held oral argument on the pending motions on January 24, 2020. The court now grants the motions to dismiss, thus terminating this action.

BACKGROUND

Mr. Jones claims he utilized Uber's ride service application on October 28, 2016. ECF 1 ¶ 9. The assigned driver was Mr. Waterhouse. *Id.* During the trip, Mr. Waterhouse's vehicle was struck by

another vehicle driven by Mr. Kevin Ramos, and owned by Mr. Mario Ramos. As a result of the collision, Mr. Jones alleges he suffered permanent injuries. *Id.* ¶ 10.

The complaint for damages was originally filed in a federal district court in New Jersey on October 26, 2018. *Id.* That same day, Mr. Jones filed a single summons in the matter that lacked identifying information for the various defendants, including their individual names and addresses. ECF 2. It appears service was never attempted while the case sat in New Jersey. Proof of service was never filed in that court. Consequently, three months later on February 5, 2019, the New Jersey district court filed a notice of call for dismissal pursuant to Federal Rule of Civil Procedure 4(m), stating the action would be dismissed for failure to effect service of the summons and complaint if Mr. Jones failed to serve the defendants by March 5, 2019. ECF 3.

On that date, instead of having served the defendants, Mr. Jones filed a motion to change venue to this court. ECF 4. Mr. Jones did not effectuate service on the defendants before March 5, 2019 as ordered by the New Jersey district court. *See* ECF 3. The case was transferred to this court and docketed on March 8, 2019.

New Indiana counsel appeared on June 19 and 20, 2019. Proposed summonses for each defendant were submitted on June 20, 2019. As established at oral argument, the various defendants were served between June 21 and June 27, 2019.

STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). Evaluating whether a claim is plausible enough to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "While a statute of limitations defense is not normally a

2

part of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *See Logan v. Wilkins*, 664 F.3d 577, 583 (7th Cir. 2011); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (courts may dismiss a claim under Fed. R. Civ. P. 12(b)(6) if the claim is "indisputably time barred").

Under Rules 12(b)(4) and 12(b)(5), a court may dismiss a complaint when a plaintiff provides insufficient process or service of process on a defendant. A defendant's objections to process or service "must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized." *O'Brien v. R.J. O'Brien Assocs.*, 998 F.2d 1394, 1400 (7th Cir. 1993). The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *See Cardenas v. City of Chi.,* 646 F.3d 1001, 1005 (7th Cir. 2011); *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005). Rule 4(m) requires service within 90 days except for good cause. An extension of the Rule 4(m) period for serving the defendants must be granted if the plaintiff shows good cause for the lack of timely service.

DISCUSSION

The defendants ask the court to dismiss the complaint pursuant to Rules 4(m), 12(b)(4), 12(b)(5), and 12(b)(6). They argue that Mr. Jones insufficiently commenced his lawsuit before his claim expired under the applicable statute of limitations by filing an improper summons, which did not list the names and addresses of any named defendants. ECF 13 at 2. Further, after the New Jersey district court ordered Mr. Jones to effectuate service by March 5, 2019, Mr. Jones failed to provide any documentation to the court indicating that service of the summons and complaint complied with that court's order. Due to these inactions, the defendants contend that this lawsuit should be dismissed for failure to serve them within the appropriate time period, noting that any attempt to remedy this failure would be too late.

A. *Indiana Law Governs Commencement of this Diversity Case for Purposes of the Statute of Limitations.*

Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a complaint with the court." In diversity cases, however, state rules apply when the issue before the court involves commencement for purposes of a state's statute of limitations. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752-53 (1980). In determining the law applicable to a statute of limitations issue, the court must apply the substantive law of the state in which it sits. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1983); *Hollander v. Brown*, 437 F.3d 688, 692 (7th Cir. 2006) (statute of limitations is substantive matter for purposes of the *Erie* doctrine). Substantive law includes statutes of limitations and "rules that are an 'integral part of the statute of limitations,' such as tolling and equitable estoppel." *Hollander*, 457 F.3d at 694 (quoting *Walker*, 446 U.S. at 751-53).

This case involves a transfer of venue, which means the court must decide which state's statute of limitations applies. According to Mr. Jones, the New Jersey district court transferred the case "so that all defendants would be subject to jurisdiction in the same venue." ECF 26 at 4. "If personal jurisdiction over the defendant was lacking in the original forum, the transferee court must apply the law of the state in which it sits, regardless of which party requested the transfer." *Gonzalez v. Volvo of Am. Corp.,* 734 F.2d 1221, 1223 (7th Cir. 1984). The parties do not dispute the application of Indiana law. This court accordingly applies Indiana law.

The Indiana statute of limitations for personal injury claims requires that an action be commenced within two years of the date on which the action accrued. Ind. Code § 34-11-2-4(a)(1) (2016). "It is well established in Indiana that a cause of action accrues at the time the injury is produced by wrongful acts for which the law allows damages susceptible of ascertainment." *Tolen v. A.H. Robins Co.*, 570 F. Supp. 1146, 1149 (N.D. Ind. 1983). In other words, under Indiana law, a cause of action in tort accrues when a plaintiff discovers or in the exercise of ordinary diligence could discover that

4

he sustained an injury caused by another person's tortious act. *Wehling v. Citizen Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992).

Here, no party disputes that the statute of limitations on Mr. Jones' claim required him to commence his lawsuit within two years from the date of the car accident in which he allegedly sustained serious injuries. In fact, the parties agree that the statute of limitations bars any action Mr. Jones may have sought to file, regarding any injuries he sustained in this incident, after October 28, 2018. ECF 13 at 6. Mr. Jones filed his lawsuit on October 26, 2018—two days before the statute of limitations would have barred any action involving this incident. ECF 26 at 2. The right issue then is not one based strictly on the statute of limitations deadline but whether Mr. Jones properly "commenced" his lawsuit on October 26, 2018, thus before the October 28 deadline.

The Federal Rules of Civil Procedure were intended neither to toll state statutes of limitations nor to define when an action commences for purposes of the statute of limitations. *Walker,* 446 U.S. at 750-51; *Robinson v. Willow Glen Acad.,* 895 F.2d 1168, 1169 (7th Cir. 1990) ("the time of the commencement of a diversity action is determined by the applicable state law"). Both sides in this case agree that commencement of Mr. Jones' lawsuit must be determined under Indiana law. *See* ECF 13 at 5; ECF 26 at 3.

Under Indiana Trial Rule 3, a civil action is commenced by filing: (1) a complaint or such equivalent pleading or document as may be specified by statute; (2) the filing fee or filing an order waiving the filing fee; and, (3) where service of process is required, a summons. In *Ft. Wayne Int'l Airport v. Wilburn,* 723 N.E.2d 967, 968-69 (Ind. Ct. App. 2000), the Indiana Court of Appeals ruled that failure to tender a summons to the clerk prevented the commencement of the civil action within the applicable statute of limitations. Actual service of the summons was not required because that would not take into account processing time at the clerk's office. *Boostrom v. Bach*, 622 N.E.2d 175, 177

(Ind. 1993). Rather, "the commencement of an action occurs when the plaintiff presents the clerk with the documents necessary for commencement of suit." *Id.*; *accord Wilburn,* 723 N.E.2d at 968.

In *Smith v. Estate of Mitchell,* 841 N.E.2d 215, 219 (Ind. Ct. App. 2006), the court explicitly said that "a plaintiff must fulfill all the obligations of Ind. Trial Rules 3 and 4 to commence a lawsuit." That case dealt with a plaintiff who failed to file a proper complaint with named defendants or tender a proper summons. *Id.* The court held that the trial court never acquired jurisdiction over the matter because the plaintiff failed to tender a "proper summons" to interested parties. *Id.*; *see also Ray-Hayes v. Heinamann,* 760 N.E.2d 172, 174 (Ind. 2002).

The United States Supreme Court in *Walker* recognized that a requirement of a summons to commence an action can be a method to promote certain state interests. *Walker,* 446 U.S. at 751. The requirement in Indiana that the summons be tendered within the statute of limitations is a policy choice by Indiana to promote prompt and formal notice to defendants, prevent surprises to defendants, and avoid stagnation. *Ray-Hayes,* 760 N.E.2d at 174. Like the Oklahoma statute in *Walker*, the requirement of tendering the summons to commence an action is an integral part of the policies served by the statute of limitations in Indiana. *Walker*, 446 U.S. at 751. In short, Indiana law governs the prerequisites for commencement of this action for purposes of Indiana's statute of limitations and requires a proper summons to do so.

B.  *The Federal Rules of Civil Procedure Govern the Form of the Summons.*

In contrast, federal procedure governs the form of a summons. *Ray-Hayes* determined that a plaintiff must file a "proper summons" to commence a lawsuit in Indiana, but it does not answer the question of what a "proper summons" entails when a federal court sitting in diversity is applying Indiana law. Obviously, an Indiana state court would apply its own trial rules in deciding the elements of a proper summons, *see Smith,* 841 N.E.2d at 219, but this court still follows its own procedural rules

in diversity, including the information required to be in a summons. On this point, the court disagrees with the motions to dismiss.

This case hinges on whether a "proper summons" was tendered, and the answer to this question could be outcome-determinative. On the one hand, *Smith,* 841 N.E.2d at 219, says that plaintiffs filing suit in Indiana must follow all their obligations under the Indiana Trial Rules, which would include listing the defendants' names and addresses in the summons as required by Indiana Trial Rule 4. On the other hand, Federal Rules of Civil Procedure 4(a) and (b) only require the summons be "directed to the defendants;" and, once a clerk signs and seals the summons, it is deemed "properly completed." The question is which Rule 4 standard this court, sitting in diversity and faced with a statute of limitations defense, should apply—federal or state.

Indiana Trial Rule 4(C) sets out the formal requirements of a "proper summons": it must include "(1) [t]he name and address of the person on whom the service is to be effected." Whereas Federal Rule of Civil Procedure 4(a) says "[a] summons must: name the court and the parties; be directed to the defendant." *See also* 1 *Moore's Federal Practice - Civil* § 4.30 (2019) (summons need only be "directed to the defendants"). In this case, the names and addresses of the defendants were not listed in the body of the summons, though the docket entry reflecting the summons listed each defendant.[1] *See* ECF 2. Even more, the New Jersey district court's clerk's office signed and sealed the summons, which must be done when a summons is "properly completed." *Id.*; Fed. R. Civ. P. 4(b). Arguably, the summons would not be considered "proper" under Indiana procedure for failure to list the names and addresses of the defendants; but under the federal rule, the summons was arguably

---

[1] The defendants agreed at oral argument that the issuance of only one summons, despite multiple defendants, would not render it, by itself, deficient. The Advisory Committee Notes to the 1993 amendments to Federal Rule of Civil Procedure 4 explain that "if there are multiple defendants, the plaintiff may obtain the issuance of a summons for each defendant or may serve copies of a single original summons bearing the names of multiple defendants as long as the addressee of the summons is identified effectively." *See also* Wright & Miller, *Federal Practice and Procedure*, § 1084 (4th ed. 2019).

7

"directed to the defendants" by including the defendants' names in the docket entry as well as the case caption "Kirk C. Jones v. Kevin A Ramos, *et al.*" To that point, and not to be overlooked in this analysis, in the docket entry, the clerk directed completion of the summons before it was served, so some local administrative practice or deference may have been at work.[2]

In the Rules Enabling Act, Congress ordered that, in matters of "practice and procedure," the federal rules shall govern, and "all laws in conflict with such rules shall be of no further force or effect." 28 U.S.C. § 2072(a, b). Notably, if there is a specific federal statute or rule governing procedure that is on point, then the federal courts will apply it. *Hanna v. Plumer*, 380 U.S. 460, 471 (1965) (Federal Rule of Civil Procedure governs method of service of process); *see also Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 198-99 (1988) (federal statute governs appealability); *Com/Tech Commc'n Techs., Inc. v. Wireless Data Sys., Inc.,* 163 F.3d 149, 150-51 (2d Cir. 1998) (when a Federal Rule of Civil Procedure covers the issue, that rule applies regardless of contrary state law).

In the past, when deciding a conflict of laws question, much has been made of the distinction between procedural and substantive rules, though the United States Supreme Court has not always employed that pure distinction. *See Guaranty Trust Co. of N.Y. v. York,* 326 U.S. 99, 109-10 (1945); *see, e.g.*, Jay Tidmarsh, *Procedure, Substance, and Erie*, 64 Vand. L. Rev. 877, 896-98 (2011) (discussing the Supreme Court's three approaches to federal-state conflict of laws questions). "*Erie*–type problems were not to be solved by reference to any traditional or common–sense substance–procedure distinction." *Hanna,* 380 U.S. at 465-66. The analysis applies when a federal rule does not cover the subject. *Hanna* clarified that, when faced with an applicable Federal Rule of Civil Procedure, "[t]he

---

[2] To be clear, the court does not advocate for or approve of that practice here in the Northern District of Indiana, as a summons should only be issued if the elements of Fed. R. Civ. P. 4(a) appear on its face in accordance with the plain text of the rule. Counsel practicing in this district should be on notice accordingly, and notwithstanding the court's deference here to New Jersey practice under principles of comity. Ultimately any technical deficiencies in the summons were not the source of any failure in notice to the defendants because the summons was never used to serve any defendant. Thus, it is the failure of timely service that requires dismissal here, not the original summons.

8

*Erie* rule has never been invoked to void [the rule]." *Id.* at 470. "When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided *Erie* choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their *prima facie* judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions." *Id.* at 471 (italics added).

No party argues that Federal Rule of Civil Procedure 4 is invalid as the result of a constitutional or statutory deficiency, so this court need not reach the deeper issue, though it would not seem any stretch to find the rule to be related to the process and manner by which the parties' rights are adjudicated, thus requiring the federal rule's application here under the Rules Enabling Act. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 407-08 (2010) (articulating test); *Burlington N.R. Co. v. Woods,* 480 U.S. 1, 6 (1987) (rules are presumptively valid under both constitutional and statutory constraints). At its core, if a Federal Rule of Civil Procedure is broad enough to cover the subject, this court must apply it, *Hanna,* 380 U.S. at 470; and since the Indiana and federal counterparts would conflict, the court applies the federal rule here, *Walker,* 446 U.S. at 740.

To illustrate the pragmatic effects of this conflict, the summons filed in this case (ECF 2) is a form approved by the United States District Court, District of New Jersey. The caption properly named the title of the action, the case number, and name of the court. It also included important information from federal rules governing procedural deadlines and notices:

> Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States Agency, or an office or employee of the United States described in Fed. R. [C]iv. P. 12 (a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney . . . .

ECF 2. If Mr. Jones had followed the Indiana requirements for a proper summons, then the dates and deadlines in this summons would be different. Indiana Trial Rule 4(C) states that the summons

9

should include the "time within which these rules require the person being served to respond." Following this, under Indiana Trial Rule 6(C), the defendant would be required to file a responsive pleading within only 20 days after service; but in contrast, the federal rules require the defendant to respond within 21 days after being served the summons and complaint, Fed. R. Civ. P. 12(a)(1)(A)(i), which the summons here reflects. The deadline in the summons is uniform across federal district courts in the United States. This uniformity is an important aspect of federal judicial administration. Adopting the rule advocated by the defendants in this case would impose on any number of federal practitioners the unenviable and unmanageable task of knowing the requirements of individual state laws for summonses for any diversity case in federal court, thereby creating a host of conflicts with federal requirements. That is not what federal procedure requires.

To provide another example, the defendants also advanced at oral argument that substantial compliance with the Indiana Trial Rules is insufficient to commence a lawsuit in Indiana. Citing *Hortenberry v. Palmer,* 992 N.E.2d 921 (Ind. Ct. App. 2013), for the proposition that a plaintiff in Indiana must meet all the requirements of Indiana Trial Rules 3 and 4 for a suit to be commenced, the defendants argued that substantial compliance is not good enough. That appears true under Indiana law. In *Hortenberry*, the plaintiff mailed a filing fee for $137 to the state court clerk's office, though the applicable fee at the time was actually $139. When the plaintiff rectified the $2 difference, the statute of limitations period had expired. The court rejected the plaintiff's argument that substantial compliance with Indiana Trial Rule 3 was adequate for commencing a lawsuit: "our supreme court intended to create a bright-line rule for determining when an action has been commenced and has left us with no discretion in the matter." *Id.* at 926.

Were this court to apply Indiana law rather than federal procedure to what a summons must include or what a filing fee must be, a filing fee of Indiana's proportion would prove well short of what federal procedure requires. *Cf.* 28 U.S.C. § 1914; Ind. Code 33-37-4-4(a). If a plaintiff attempting

10

to file suit in federal court (before the expiration of the statute of limitations period) strictly adhered to the Indiana rules for tendering the proper filing fee, the plaintiff could be said (according to the defendants) to have "commenced" an action for purposes of the statute of limitations in Indiana and still not have properly "commenced" an action at all in federal court. That said, *Hortenberry* may be applied literally in Indiana state courts; but when a federal rule is on point, this court must apply it to avoid inconsistencies in the federal process. Extending Indiana Trial Rule 4 to this court would be incompatible with Federal Rule of Civil Procedure 4(a). Were the court to reach a different result, litigants in the federal system would be forced to play an impossible game of hopscotch between the federal and state rules at the filing stage.

Instead, there needs to be a simple and precise procedure. This court consults Indiana Trial Rule 3 for determining when a suit is commenced in Indiana for purposes of the statute of limitations—a clear requirement of substantive state law—and applies the Federal Rules of Civil Procedure for determining the manner and method in which those documents, including any summons, should be completed and the resulting process for service. *See* Wright & Miller, *Federal Practice and Procedure,* § 1087 (4th ed. 2019) ("content of the summons in a federal court action should be the same in all cases" because applying state requirements in the federal courts would only "serve as a trap for the unwary"); *see, e.g., Dennis v. Donahue,* No. 4:19-CV-6, 2012 U.S. Dist. LEXIS 63218, at 8 (N.D. Ind. May 4, 2012) (Lee, J.) (though state law governs commencement of a lawsuit, "the 'necessary' summonses were defined by [federal law], and not state procedural rules"). For these reasons, Mr. Jones commenced his lawsuit—before the statute of limitations barred his suit—by filing a summons, complaint, and filing fee with the federal district court in New Jersey.

C.   *Mr. Jones' Failure to Timely Serve the Defendants Requires the Dismissal of this Case.*

The defendants alternatively argue that the case should be dismissed because Mr. Jones failed to serve them within the time allotted by the federal rules and as ordered by the New Jersey district

court. Under Federal Rule of Civil Procedure 4(m), "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

If good cause exists, an extension must be granted, and the inquiry ends. The burden of showing good cause rests with the plaintiff. *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988). If no good cause exists, this court has discretion either to dismiss the action or to enlarge the time period for completing service.³ *Cardenas,* 646 F.3d at 1006; *see also Henderson v. United States*, 517 U.S. 654, 662 (1996) ("[I]n [the] 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'") (citing Advisory Committee's Notes on Fed. Rule Civ. Proc. 4); *United States v. Ligas,* 549 F.3d 497, 501 (7th Cir. 2008).

At oral argument, Indiana counsel largely had his hands tied in trying to argue good cause for the failure to serve the defendants given that this failure occurred on New Jersey counsel's watch. There appear to have been certain pre-suit discussions between the parties, but it seems not with all defendants. While new counsel endeavored to obtain additional information from his New Jersey predecessor, that was not forthcoming, so the court is left without a record of good cause to explain not just why Mr. Jones had not served the defendants initially under Rule 4(m) but also why he had not complied with the New Jersey district court's order to serve the defendants on or before March 5, 2019, else face dismissal. Even "counsel's inadvertent failure to serve a defendant within the

---

³ This permissive discretion is the majority position among the federal circuits. The United States Supreme Court granted writ of certiorari in 2014 to resolve a circuit split on whether a district court has discretion to extend the time for service under Rule 4(m) absent a showing of good cause, *see Chen v. Mayor of Baltimore*, 574 U.S. 988, 2014 U.S. LEXIS 7427 (2014), but ultimately that case was dismissed when the petitioner failed to file a supporting brief, *Chen v. Mayor of Baltimore*, 574 U.S. 1068, 2015 U.S. LEXIS 3 (2015).

12

statutory period does not constitute good cause," *Geiger*, 850 F.2d at 333; and, on this record, this wasn't even inadvertent.

Instead of serving the defendants and filing proof of service, Mr. Jones requested transfer of the case to this court. A court order entered by the original judge assigned to the case continues to be valid after the transfer, though it can be changed by the new presiding judge at his discretion. *See Champaign-Urbana News Agency, Inc. v. J. L. Cummins News Co.*, 632 F.2d 680, 683 (7th Cir. 1980); *see also Arizona v. California*, 460 U.S. 605, 618 (1983); *Southern R. Co. v. Clift*, 260 U.S. 316, 319 (1922). The court is not of the view to change it. Federal rules are meant to be followed, and court orders merit no less rigor in their enforcement.

Even after the case was docketed in Indiana in early March 2019, with Mr. Jones represented by his New Jersey counsel, service remained unaccomplished. This record is devoid of any reason why. At that point, Mr. Jones had not complied with the New Jersey court's order, nor bothered to rectify that for some three additional months. It was not until Indiana counsel appeared in the case about three months later, on June 19 and June 20, 2019, that this issue was immediately identified and promptly addressed as best they could under the circumstances.

In short, good cause does not exist on this record. The court is thus left with two options: dismiss this case for failure to show good cause or allow the case to proceed under a permissive extension. In evaluating the proper course, the court considers the hardship on each of the parties and weighs several factors: (1) whether the expiration of a statute of limitation prevents refiling; (2) whether a defendant evaded service; (3) whether a defendant's ability to defend would be prejudiced by an extension; (4) whether a defendant had actual notice of the lawsuit; (5) whether a defendant was eventually served; (6) whether the plaintiff requested an extension; (7) whether the plaintiff diligently pursued service; and (8) any other relevant factors. *Cardenas,* 646 F.3d at 1006-07. These factors are not determinative or exhaustive. *Id.*

In several respects, the factors seem to weigh in favor of granting Mr. Jones an extension. The defendants in this case were eventually served, and certain of them had notice of the suit before service. The defendants have experienced no real prejudice; at oral argument, they could only theorize prejudice. And most significant to this case, Mr. Jones will lose the ability to refile his suit if the court dismisses it now.

On the other hand, the defendants did not evade service and, through no fault of their own, must defend the case well after the statute of limitations period and the period anticipated for service, as memories fade and evidence becomes stale or non-existent. Furthermore, Mr. Jones could have filed a motion to extend the time to serve the defendants, either while the case was still pending in New Jersey, or shortly after it was transferred here. And most significant on this side of the equation, Mr. Jones did not diligently pursue service—a task not complicated as Indiana counsel performed that within a week—and he lingered doing so even after a federal court order and the grace period that order gave him.

After analyzing the hardships, the court retains discretion to hold plaintiff accountable for his actions—or, more accurately, his inaction—by dismissing the case. *Cardenas*, 646 F.3d at 1007. In *Geiger,* 850 F.2d at 333*,* the court affirmed the dismissal of an action that had been pending for 143 days without service (23 days after the former Rule 4(m) requirement of 120 days). That ruling also had repercussions. "[The court] recognize[s] that [the plaintiff] can no longer pursue what may be a meritorious cause of action. This is perhaps due in part to the neglect of her attorney. Litigants, however, generally are bound by the actions of their attorneys." *Id.* Furthermore, "[a]n attorney who files suit when the statute of limitations is about to expire must take special care to achieve timely service of process, because a slip-up is fatal." *Tuke v. United States,* 76 F.3d 155, 156 (7th Cir. 1996).

The court does not follow suit lightly. It is undoubtedly true that Mr. Jones will be unable to refile his action if the court dismisses it now, as the statute of limitations bars any refiling. Yet,

14

consideration of this factor alone would not paint the whole picture here. Mr. Jones took over 240 days to accomplish a simple task, and ignored not just Rule 4(m) but a gracious court order. *See, e.g., Geiger,* 850 F.2d at 333 (case dismissed for lack of service 143 days after complaint even though statute of limitations had run); *Friend v. Lloyd & McDaniel, PLC*, No. 4:19 CV 6, 2020 U.S. Dist. LEXIS 8918, 6-7 (N.D. Ind. Jan. 16, 2020) (Moody, J.) (case dismissed for lack of service 160 days after complaint even though statute of limitations had run). Indeed, Mr. Jones had at least three separate opportunities to serve the defendants over the course of approximately 240 days. First, Mr. Jones failed to serve the defendants within the 90-day time period allowed by Rule 4(m), noting that the statute of limitations on Mr. Jones' claim ran two days after filing the case. Second, the New Jersey court provided Mr. Jones with an additional month and a half to serve the defendants beyond the Rule 4(m) period, but instead he failed to follow that order and transferred venue. Third, upon transferring the case to this court, Mr. Jones failed to serve the defendants before a motion to dismiss was filed three months later. Those aren't circumstances that invite a permissive extension.

The court commends Indiana counsel for attempting promptly to complete service on all defendants within a mere week of their appearance. The only record of due diligence by Mr. Jones was upon Indiana counsel's appearance. To their credit, they did all they could to try to rectify the situation, but theirs was a mission impossible.

## CONCLUSION

The court GRANTS Defendant Waterhouse's motion to dismiss (ECF 12) and GRANTS Defendants Kevin and Mario Ramos' motion to dismiss (ECF 34). Uber's motion to join (ECF 30) is GRANTED, along with the other defendants' request to join the motions. Thus, this action is dismissed in its entirety.

SO ORDERED.

February 3, 2020　　　　　　　　　　　　　　　*s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　　　　　　　Judge, United States District Court